United States District Court
Southern District of Texas
FILED

OCT 1 4 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CLAUDIO A. VALLEJO, JR., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> MATIAN KUPCZYNSKI, *et al.*, § <br> § <br> Defendants. § | MISC. ACTION NO. 7:11-MC-16 |

## REPORT AND RECOMMENDATION

Plaintiff Claudio A. Vallejo, Jr., a federal prisoner, attemted to file an action styled as a "Verified Petition for Declaratory; Injunctive." (Docket No. 1.) He sought some (unstated) type of relief based on the conduct of the law enforcement officers who were involved in his arrest on federal charges. Plaintiff filed his petition without paying a filing fee, nor did he request to proceed in forma pauperis. Plaintiff also failed to comply with a court order directing him to file an amended pleading clarifying the nature of his action and stating the grounds upon which he seeks relief. He has taken no other action in this case. The undersigned recommends that this action be dismissed for failure to prosecute.

### I. BACKGROUND

Plaintiff's "Verified Petition for Declaratory; Injunctive" appears to challenge the routine transfer of defendants from the Hidalgo County Courthouse to the federal courthouse in the Southern District of Texas, McAllen Division. (Docket No. 1, at 3.) According to Plaintiff, transfers are made "with form pleadings in performance of perjury" and result in "kangaroo court proceedings." (*Id.*) Plaintiff names himself, along with several other family members, as plaintiffs. (*Id.* at 5.) Plaintiff identifies three law enforcement officers as defendants. (*Id.*)

The undersigned entered an order explaining several deficiencies in Plaintiff's initial pleading. Among other things, Plaintiff did not pay the required filing fee and did not request to proceed in forma pauperis. Assuming Plaintiff wanted to proceed in forma pauperis, he was informed that in order to "determine the applicable filing fee and to decide whether Plaintiff qualifies to proceed without paying fees or costs, the nature of his proposed action must be determined."[1] (Docket No. 2, at 1 (citing 28 U.S.C. § 1915(a)).) Plaintiff was directed to "file a statement in which he describes in simple terms each of the claims he wishes to assert and lists the specific type of relief he is requesting (for example, whether he is seeking release from custody or some other type of relief)." (Docket No. 2, at 2.) Plaintiff failed to respond to the order, and he has taken no further action in this case.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance

---

[1] Although Plaintiff did not request to proceed in forma pauperis, he does state in the "Jurisdiction" section of his initial filing that he "would like the court to issue out an attorney in the forma pauperis under 28 U.S.C. § 1915 for myself and the other plaintiffs." (Docket No. 1, at 4.) However, Plaintiff did not file an application to proceed without paying filing fees or other costs, nor did he file a certified copy of his inmate trust fund account. In order to qualify to proceed in forma pauperis, a prisoner must provide financial information to show that he is "unable to pay" the fee. 28 U.S.C. § 1915(a)(1). In addition, to proceed in forma pauperis Plaintiff must also include a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2).

with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a filing fee for a person seeking to file a civil action in federal court. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Plaintiff has neither paid the filing fee, nor has he complied with the statutory procedure to determine whether he is entitled to proceed in forma pauperis. He also failed to comply with the court order that he clarify his claims, so that the Clerk could determine the applicable filing fee. This action should be dismissed for failure to prosecute because Plaintiff both failed to pay the filing fee and failed to comply with a court order. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the

court's order to pay a filing fee). It appears that no lesser sanction is available since Plaintiff has taken no further action in this case.[2]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's action style as a "Verified Petition for Declaratory; Injunctive" (Docket No. 1) be DENIED and that this action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 14, 2020.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.